IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                                                      OPINION AND ORDER

          Plaintiff,

                                                      20-cv-975-bbc

    v.

MMHI MEDICAL DIRECTORS, ANN HEASLETT,
ERIK KNUDSON AND MARTHA ROLLI,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Upthegrove, who is a patient civilly committed at the Mendota Mental Health Institute (MMHI) in Madison, Wisconsin, is proceeding on a Fourteenth Amendment claim that defendants MMHI medical directors, Dr. Ann Heaslett, Dr. Erik Knudson, and Martha (Molli) Rolli stopped the medication that was successfully treating plaintiff's panic disorder and anxiety although they had no good reason for doing so.  (I have revised the caption to reflect the correct spelling of defendants' full names and the fact that defendants have accepted service on behalf of Rolli, whom they identify as the medical director at the time relevant to plaintiff's complaint.  See dkt. #20 and #26 at ¶ 2.  Because it is not clear whether there are other medical directors, I have left Doe defendants MMHI medical directors in the caption for now.)  Before the court is plaintiff's proposed addendum to his complaint, dkt. #11, in which he seeks to bring his same claim against three other defendants.  (Plaintiff's motions for preliminary injunctive relief, dkt. ##9, 13 and 15, will be addressed in a separate order.)

      Because plaintiff filed his addendum shortly before the court issued its order screening

1

plaintiff's original complaint, the proposed amendment has not yet been screened under 28 U.S.C. § 1915(e). Plaintiff has not repeated the allegations from his original complaint in his proposed addendum, so I will consider it a supplement to his original complaint and screen it under § 1915(e).

As he did with the other defendants, plaintiff alleges in his proposed supplement that he suffers from panic disorder and severe anxiety for which he requires clonazepam (a benzodiazepine), that defendants Tyler Laws, Illichman, and Angela Janis participated in the decision to take him off the medication without prescribing an alternative medication, and that they did so only because of a generalized concern that it is not a good idea for people with a history of substance abuse to take this medication. Together with his allegations that these defendants also knew that plaintiff had been prescribed benzodiazepine and that he had been taking it successfully for 20 years, these allegations are sufficient to suggest that plaintiff suffered from an objectively serious medical condition and that defendants acted with objective unreasonableness. Plaintiff's claim is further supported by his allegation that he has been suffering severe side effects since stopping the medication. Therefore, I will allow plaintiff to proceed with his Fourteenth Amendment claim against defendants Laws, Illichman, and Janis.

ORDER

IT IS ORDERED that:

1. Plaintiff James Upthegrove's motion to supplement his complaint, dkt. #11, is

GRANTED.

2. Plaintiff is GRANTED leave to proceed on his claim that defendants Tyler Laws, Illichman, and Angela Janis denied him medication for his panic disorder and severe anxiety, in violation of the Fourteenth Amendment. Plaintiff is DENIED leave to proceed on any other claim raised in the supplement.

3. Plaintiff's original complaint, along with the supplement, shall be the operative pleading in this case.

4. Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint, addendum and this order are being sent today to the Attorney General for service on the new defendants. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing in this order in which to answer or otherwise plead to plaintiff's complaint if it accepts service for these defendants.

5. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to the defendants or to defendants' attorney. For the time being, plaintiff must send the defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing the new defendants, he should serve the lawyer directly rather than the defendants.

6. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 5th day of February, 2021.

                                BY THE COURT:

                                /s/

                                _____
                                BARBARA B. CRABB
                                District Judge