IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                                                                  OPINION AND ORDER

                Plaintiff,

                                                                      20-cv-975-bbc

     v.

MOLLI ROLLI, ANN HEASLETT,
ERIK KNUDSON, TYLER LAWS,
MITCHELL ILLICHMAN, ANGELA JANIS
AND ODETTE ANDERSON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Upthegrove, a former patient at the Mendota Mental Health Institute (MMHI) in Madison, Wisconsin, is proceeding on a Fourteenth Amendment claim that defendants stopped the medication that was successfully treating plaintiff's panic disorder and anxiety although they had no good reason for doing so. Plaintiff has filed several motions that are now before the court. Dkt. ##39, 49, 52 and 55. For the reasons below, the motions will be denied.

      First, plaintiff has filed a motion requesting that the court direct defendants to provide him copies any emails sent by various MMHI employees that mention him. Dkt. #39. However, as plaintiff acknowledges, he requested these documents under the Freedom of information Act and the Wisconsin Open records Law in February 2021, before the start of discovery in this case. The motion will be denied as moot. Discovery commenced following the preliminary pretrial conference held on March 5. As the court explained during that hearing and the pretrial conference order entered on March 8, plaintiff should

1

follow Rules 26 through 37 and Rule 45 of the Federal Rules of Civil Procedure which describe how he may get information and documents from the defendants to use in this case. Dkt. #43 at 8-10. Plaintiff should review those rules and the court's pretrial conference order before requesting any information and documents from defendants. If plaintiff has any problems related to discovery, he should first contact defense counsel to attempt to resolve the issue without the court's intervention. If the parties are unable to resolve the issue on their own after making a good faith effort to do so, plaintiff may file a motion to compel with the court at that time.

Second, plaintiff has filed three motions related to preliminary injunctive relief. Dkt. ##49, 52, 55. On March 10, 2021, I entered an order denying several other motions that plaintiff filed for preliminary injunctive relief, in which he requested an order directing defendants to renew his Clonazepam medication and appoint an outside psychiatrist to treat him. Dkt. #44. In documents dated March 11 and entitled "memorandum" and "motion for emergency hearing," dkt. ##49 and 55, plaintiff repeats the same arguments that he made in his earlier motions and alleges that he suffered another panic attack and hypertension on March 11 because his anxiety was not being treated with a benzodiazepine medication. It appears that plaintiff may not have received the court's March 10 order before drafting these memorandums. In any event, plaintiff's March 11 filings do not identify any new information or legal or factual errors that would change my prior decision denying him preliminary injunctive relief. More importantly, plaintiff was released from MMHI on March 22, 2021. This means that his request for injunctive relief is moot at this

point.

In a third memorandum dated March 14, plaintiff says that he wants to "correct the record" with respect to defendant Molli Rolli's affidavit, which defendants submitted in response to plaintiff's motions for preliminary injunctive relief. Dkt. #52. Plaintiff contends for the first time that Rolli's affidavit contains several statements with which he disagrees. Although plaintiff was given an opportunity to address the arguments raised in defendants' opposition to his original motion and to respond to their proposed findings of fact, including Rolli's affidavit, he did not do so until after receiving the court's order. See dkt. #28. Because plaintiff is no longer a patient at MMHI, it is unnecessary to correct the record with respect to his past requests for injunctive relief. Although plaintiff may disagree with Rolli's account of certain events, he will have an opportunity to present his version of the facts at summary judgment or trial.

## ORDER

IT IS ORDERED that plaintiff James Upthegrove's motion to obtain discovery, dkt. #39; his memorandums and motions for an emergency hearing, dkt. ##49 and 55; and his motion to correct the record, dkt. #52, are DENIED.

Entered this 22d day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3